UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

|  |  |
|---|---|
| GREENSILL CAPITAL (UK) LIMITED, a foreign entity,<br><br>    Plaintiff,<br><br>    v.<br><br>TEMPUS INTERMEDIATE HOLDINGS, LLC, a Delaware corporation, JACK GULBIN, an individual, and B. SCOTT TERRY, an individual,<br><br>    Defendants. | Civil No. 4:17-cv-00127-AWA-LRL |

## PLAINTIFF'S MEMORANDUM IN SUPPORT OF ITS
## MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS

Pursuant to Federal Rule of Civil Procedure 12(c), and this Court's local rules, Plaintiff, Greensill Capital (UK) Limited ("Greensill"), hereby submits this Memorandum in Support of its Motion for Partial Summary Judgment on the Pleadings (the "Motion") as to Count IV of its Complaint [ECF No. 1] against Defendants, Tempus Intermediate Holdings, LLC ("Tempus"), Jack Gulbin ("Gulbin") and B. Scott Terry ("Terry") (collectively, "Defendants").

### OVERVIEW

Based on the allegations and admissions set forth in the pleadings filed by the parties, there is no dispute that the terms of the March 31, 2016 Forbearance Agreement (which is attached as Exhibit C to the Complaint and thus considered part thereof) prohibit Defendants from pledging, transferring or otherwise disposing of any of their assets until Greensill receives all amounts owed to it under the Forbearance Agreement.[1]   In their respective Answers to

---

[1] The Answer filed by Gulbin [ECF No. 21] shall be referred to herein as "Gulbin Ans." and the Answer filed by Tempus and Terry [ECF No. 22] shall be referred to as "Terry Ans."

Greensill's Complaint, Defendants acknowledge that with significant amounts still owed to Greensill under the Forbearance Agreement, Terry took steps to pledge and transfer his membership interests in Tempus (as well as other Tempus membership interests) to Firefly Financial Limited ("Firefly"). These admissions entitle Greensill to a judgment declaring that Terry may not pledge or transfer his membership interests in Tempus to Firefly (or any other party), and that Terry, Gulbin and Tempus are each prohibited from pledging, selling, leasing, transferring or otherwise disposing of their assets until all amounts owed to Greensill under the Forbearance Agreement are paid.

## SUMMARY OF RELEVANT FACTS ESTABLISHED BY THE PLEADINGS[2]

Pursuant to the October 16, 2014 Customer Agreement that Tempus entered into with Greensill (attached as Exhibit A to the Complaint), Tempus was irrevocably obligated to pay Greensill certain amounts on certain maturity dates for services provided by Greensill in connection with Tempus' business operations. Gulbin Ans. ¶¶ 1, 2, 15-26, 33-36; Terry Ans. ¶¶ 2, 15-26, 35-36. Gulbin and Terry also guaranteed payment of all liabilities generated by Tempus under the Customer Agreement, plus interest, as set forth in the October 15, 2015 Personal Guaranty that they each executed (attached as Exhibit B to the Complaint). Gulbin Ans. ¶¶ 3, 27-31, 37; Terry Ans. ¶¶ 3, 27-31, 37, 39. Tempus did not fulfill the irrevocable payment obligations to Greensill that it generated under the Customer Agreement, nor were these liabilities honored by Gulbin or Terry pursuant to the Guaranty Agreement. Gulbin Ans. ¶¶ 2, 3, 5, 32, 38, 39, 44, 57, 61, 69, 70, 75, 76; Terry Ans. ¶¶ 5, 32-34, 57, 59-61, 69, 75.

As a result, on March 31, 2016, Gulbin and Terry executed the Forbearance Agreement, whereby they agreed to repay the entire balance owed to Greensill over an agreed-upon payment

---

[2] Defendants asserted no affirmative defenses in response to the Complaint, and stated only that they "reserve the right to rely on any defenses which are supported by evidence gained through investigation and/or discovery, and/or by evidence produced at trial." Gulbin Ans. ¶ 84; Terry Ans. at 10.

schedule.  Gulbin Ans. ¶¶ 4, 39-43; Terry Ans. ¶¶ 4, 39-43.  The terms of the Forbearance Agreement specified that:

> B. until payment in full of all Scheduled Payments, the Guarantors shall not, and shall procure that neither the Company nor any Associated Company shall, without the prior written [consent] of Greensill:
>
>> b. create, or permit to subsist, any Security over any of his or its assets (where "Security" means any mortgage, charge (whether fixed or floating, legal or equitable), pledge, lien, assignment by way of security or other security interest securing any obligation of any person or any other agreement or arrangement having a similar effect); nor
>>
>> c. sell, lease, transfer or otherwise dispose of any of its assets other than (i) trading stock in the ordinary course of its business (which includes the sale or lease of aircraft), or (ii) with the prior written consent of Greensill (such consent not to be unreasonably withheld, but may be subject to the imposition of reasonable conditions by Greensill, where such sale, lease, transfer or disposal is required to facilitate the payment of the Scheduled Payments).

Forbearance Agreement, Clause A; Gulbin Ans. ¶ 42; Terry Ans. ¶ 42.  The Forbearance Agreement also stated that "any dispute or claim arising out of or in connection with it or its subject matter or formation (including non-contractual disputes or claims) shall be governed by and construed in accordance with the laws of the State of New York."  Forbearance Agreement at 4; Gulbin Ans. ¶ 43; Terry Ans. ¶ 43.

Sometime around June 2016, all of Terry's interest in Tempus was pledged to Firefly, as were certain additional membership interests in Tempus, as security for payment and performance of certain obligations of Tempus and/or its affiliates.  Gulbin Ans. ¶ 48; Terry Ans. ¶ 48.  In or about July 2017, Firefly exercised its rights under these pledges and, among other things, transferred at least some portion, if not all, of Tempus' membership interests in its

subsidiaries, including Tempus Aircraft Sales & Service, LLC, which operates a Pilatus aircraft dealership.  Gulbin Ans ¶ 50; Terry Ans. ¶ 50.[3]

## ARGUMENT

Federal Rule of Civil Procedure 12(c) permits a plaintiff to move for judgment on the pleadings as to one or more of its claims "at any time 'after the pleadings are closed but early enough not to delay trial.'"  *AECOM Special Mission Svcs, Inc. v. Int'l Union of Operating Eng'rs, Local No. 99*, Case No. 1:16-cv-1262, 2017 WL 710055, *2 (E.D. Va. Feb. 21, 2017); *Ferguson v. Ingoldsby*, Case No. 1:09-cv-739 (JCC), 2009 WL 3763676, *2 (E.D. Va. Nov. 5, 2009).  "Judgment on the pleadings is appropriate where material facts are undisputed and where a judgment on the merits is possible merely by considering the contents of the pleadings." *United Specialty Ins. Co. v. CDC Housing, Inc.*, 233 F. Supp. 3d 408, 412 (S.D.N.Y 2017); *The Lofts at Albert Hall Condo. Assoc., Inc. v. Vintage Oaks II*, Case No. 1:12-cv-906, 2014 WL 4060049, *3 (M.D.N.C. Aug. 15, 2014).  In considering a motion pursuant to Rule 12(c), the Court may also consider the complaint, the answer(s) thereto and any documents that are attached to the complaint or answer, as well as any matter of which the Court may take judicial notice in relation to the factual background of the case.  *AECOM*, 2017 WL 710055, at *2; *United Specialty*, 233 F. Supp. 3d at 412; *Lofts at Albert Hall*, 2014 WL 4060049, at *3.

Judgment on the pleadings on a claim for declaratory relief should be rendered "when the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and . . . when it will terminate and afford relief from the uncertainty, insecurity and controversy giving rise to the proceeding." *AECOM*, 2017 WL 710055, at *7; *see also United Specialty*, 233 F. Supp. 3d at 412.  This means that when the allegations of a complaint and the admissions

---

[3] Gulbin did not deny these allegations in his Answer, but rather characterized this conduct as an *attempt* by Terry to pledge membership interests in Tempus to Firefly (Gulbin Ans. ¶ 48) and an *attempt* by Firefly to exercise its *purported* rights to those pledges (Gulbin Ans. ¶ 50). (Emphasis in original.)

contained in the responsive answer(s) thereto establish that the conduct of a defendant violates the terms of an agreement between the parties, judgment on the pleadings awarding declaratory relief in favor of the plaintiff is warranted. *United Specialty*, 233 F.Supp.3d at 413; *Reyes v. Metromedia Software, Inc.*, 840 F. Supp. 2d 752, 758 (S.D.N.Y. 2012); *AECOM*, 2017 WL 710055, at *7; *Lofts at Albert Hall*, 2014 WL 4060049, at *3. Greensill, therefore, is entitled to judgment on the pleadings on its claim for declaratory relief because the allegations of the Complaint and the judicial admissions in Defendants' Answers establish that efforts were made (and potentially consummated) by Defendants to transfer assets in violation of the terms of the Forbearance Agreement.

"Under New York law, the initial interpretation of a contract is determined by the court as a matter of law" and "a court interpreting a contract must 'give effect to the intent of the parties as revealed by the language they chose to use.'" *United Specialty*, 233 F. Supp. 3d at 413; *Reyes*, 840 F. Supp. 2d at 755; *see also UMB Bank, Nat'l Assoc. v. Airplanes, Ltd.*, 260 F. Supp. 3d 384, 393 (S.D.N.Y. 2017). On its face, the Forbearance Agreement prohibits Gulbin or Terry from pledging, assigning, selling, leasing, transferring or otherwise disposing of any assets, including any assets of Tempus, until Greensill receives payment of all amounts due under the Forbearance Agreement. Forbearance Agreement, Clause A; Gulbin Ans. ¶ 42; Terry Ans. ¶ 42. In their Answer, Tempus and Terry unequivocally admitted that, despite this prohibition in the Forbearance Agreement, all of Terry's membership interests in Tempus were pledged to Firefly, together with certain other membership interests in Tempus, and that Firefly exercised its rights under these pledges. Terry Ans. ¶¶ 48, 50. Consistent with these admissions by Tempus and Terry, in his Answer Gulbin characterized this conduct as an "*attempt*" to pledge these membership interests and an "*attempt*" by Firefly to exercise its "*purported*" rights to these pledges. Gulbin Ans. ¶¶ 48, 50 (emphasis in original). Based on these admissions by

5

Defendants, it is undisputed that Tempus and Terry pledged and transferred (or at the very least attempted to pledge and transfer) membership interests in Tempus to Firefly, in violation of the terms of the Forbearance Agreement.

Defendants' efforts to pledge and transfer their assets before repaying Greensill the amounts owed under the Forbearance Agreement have damaged Greensill and will continue to do so by depriving Greensill of security that it expressly bargained for when it agreed to the payment terms set forth in the Forbearance Agreement. Greensill is thus entitled to a judgment declaring that Terry and Gulbin may not pledge, sell, lease, transfer or otherwise dispose of their assets or of Tempus' assets, including but not limited to any membership interests in Tempus, until all amounts owed to Greensill under the Forbearance Agreement are paid.

## CONCLUSION

For the reasons set forth above and in its Motion, Greensill respectfully requests that the Court grant the Motion and: 1) enter a judgment in its favor on Count IV of the Complaint, declaring that Terry cannot pledge or transfer his membership interests in Tempus to Firefly and that Terry, Gulbin, and Tempus are each prohibited from pledging, selling, leasing, transferring or otherwise disposing of their assets until all amounts owed to Greensill under the Forbearance Agreement are paid; and 2) award Greensill any other or additional relief deemed just and proper.

[THE REMAINDER OF THIS PAGE IS LEFT INTENTIONALLY BLANK]

Dated: January 2, 2018                                              Respectfully submitted,

/s/ *David G. Barger*
David G. Barger
VSB #  21652
*Counsel for Plaintiff Greensill Capital, (UK) Limited*
GREENBERG TRAURIG, LLP
1750 Tysons Blvd., Suite 1000
McLean, VA 22102
Telephone: (703) 749-1307
Facsimile: (703) 714-8307
Email: bargerd@gtlaw.com

FRANCISCO O. SANCHEZ (*pro hac vice admitted*)
Florida Bar No. 0598445
EVA M. SPAHN (*pro hac vice admitted*)
Florida Bar No. 0092063
GREENBERG TRAURIG, LLP
333 S.E. 2nd Avenue, Suite 4400
Miami, Florida  33131
Telephone: (305) 579-0500
Facsimile: (305) 579-0717
sanchezfo@gtlaw.com
spahne@gtlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on January 2, 2018, I electronically filed the foregoing with the Clerk of Court, using CM/ECF.  I also certify that the foregoing document was served on all counsel of record via transmission of Notice of Electronic Filing generated by CM/ECF, or via other means if required.

    /s/ David G. Barger
David G. Barger
VSB #  21652
*Counsel for Plaintiff Greensill Capital,(UK) Limited*
GREENBERG TRAURIG, LLP
1750 Tysons Blvd., Suite 1000
McLean, VA 22102
Telephone: (703) 749-1307
Facsimile: (703) 714-8307
Email: bargerd@gtlaw.com