UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

**GREENSILL CAPITAL (UK) LIMITED,**

    **Plaintiff,**

v.

**TEMPUS INTERMEDIATE HOLDINGS, LLC,** *et al.,*

    **Defendants.**

Case No. 4:17-cv-127

## OPINION AND ORDER

This matter is before the Court on Plaintiff Greensill Capital (UK) Limited's ("Plaintiff" or "Greensill") Motion for Partial Judgment on the Pleadings, ECF No. 25. On February 20, 2018, the parties consented to jurisdiction before the undersigned United States Magistrate Judge ("the Court") pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. ECF No. 32. On April 18, 2018, the parties appeared before the Court for a hearing on Plaintiff's Motion at which time counsel were permitted to present oral argument and answer the Court's inquiries. The Court took the matter under advisement for the issuance of a written disposition. For the following reasons, Plaintiff's Motion for Partial Judgment on the Pleadings (ECF No. 25) is **GRANTED.**

### I. INTRODUCTION

This case arises out of a contractual dispute between foreign Plaintiff and domestic Defendants Tempus Intermediate Holdings, LLC ("Defendant Tempus"), Jack Gulbin ("Defendant Gulbin"), and B. Scott Terry ("Defendant Terry") (collectively "Defendants"). Plaintiff Greensill is a financial institution incorporated in England and Wales and maintains its

registered office in London, England. Defendant Tempus is a corporate entity, incorporated in the State of Delaware with its principal place of business in Williamsburg, Virginia and is in the business of leasing and selling airplanes. Defendant Gulbin is an individual, shareholder, and principal of Tempus who resides in Colorado. Defendant Terry is an individual, shareholder, and principal of Tempus who resides in South Carolina. In October 2014 the parties entered into a Customer Agreement whereby the parties contracted for Plaintiff to pay certain invoices incurred by Defendants in the operation of their business, with the understanding that Defendants would repay Plaintiff in accordance with the terms of the Customer Agreement. In October 2015 Gulbin and Terry executed a Guaranty Agreement whereby they agreed that if Tempus defaulted on any payment obligation under the Customer Agreement, all liabilities would be due and owing by Gulbin and Terry. After failing to make payments as required under the Customer Agreement, in April 2016, Greensill, Gulbin, and Terry executed a Forbearance Agreement, whereby Greensill agreed to forbear legal action against Defendants in exchange for Defendants' agreement to repay monies owed pursuant to a specific payment schedule. The Forbearance Agreement also included a provision that precluded Defendants from pledging or transferring assets of Tempus prior to payment of all monies owed without the permission of Plaintiff. Following Defendants' default on payment, Plaintiff now seeks, *inter alia*, declaratory judgment as to the rights and obligations of the parties under the Forbearance Agreement. ECF No. 25.

A. <u>The Complaint (ECF No. 1)</u>

After Plaintiff's previous efforts to seek repayment from Defendants proved unsuccessful, on October 13, 2017, Plaintiff filed a four count Complaint in this Court on the basis of diversity jurisdiction. ECF No. 1.

Count I alleges Breach of Contract against Defendant Tempus only, for breaching the Customer Agreement by failing to make payments as they came due on four Accounts Receivable Tempus had submitted for payment. ECF No. 1 at 15-16, ¶¶ 55-63. Count II alleges Breach of Contract against Defendants Gulbin and Terry for breaching the Guaranty Agreement by defaulting on the payment obligations. ECF No. 1 at 16-17, ¶¶ 64-71. Count III alleges Breach of Contract against Defendants Gulbin and Terry for breaching the Forbearance Agreement by failing to pay the entire outstanding balance owed according to the Schedule of Payments. ECF No. 1 at 17-18, ¶¶ 72-77. Count IV seeks Declaratory Relief against all Defendants as well as injunctive relief. ECF No. 1 at 18-19, ¶¶ 78-83. Specifically, Plaintiff seeks a declaration that "Defendants' efforts to pledge and transfer their assets constitutes a breach of the prohibition in the Forbearance Agreement against Gulbin and Terry pledging, selling, transferring or otherwise disposing of any interest in their assets prior to them completing the Scheduled Payments to Greensill set forth therein." ECF No. 1 at 19, ¶ 81. In its prayer for relief, Plaintiff also seeks "an injunction prohibiting Defendants from selling, leasing, transferring, or otherwise disposing of their assets except as permitted under the Forbearance Agreement, any such other and additional relief deemed just and proper." ECF No. 1 at 19.

After obtaining leave of Court to file their respective responses to the Complaint, *see* ECF Nos. 10-20, Defendant Gulbin and Defendants Terry and Tempus filed their respective Answers to the Complaint, *see* ECF Nos. 21 (Defendant Gulbin) & 22 (Defendants Terry and Tempus).

## II. STANDARD OF REVIEW

Plaintiff moves for partial judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) ("Rule 12(c)"), which provides that "[a]fter the pleadings are closed—but early

enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). A motion for judgment on the pleadings is an appropriate mechanism for a party seeking declaratory judgment regarding a contractual dispute. *See Paul v. ImpactOffice LLC*, No. CV TDC-16-2686, 2017 WL 2462492, at *2 (D. Md. June 6, 2017), *appeal dismissed sub nom. ImpactOffice LLC v. Siniavsky*, No. 17-1634 (L), 2017 WL 6543801 (4th Cir. Dec. 1, 2017) ("Such a motion can be used to obtain a declaratory judgment where the only dispute is the proper interpretation of contractual terms.") (citing *Hous. Auth. Risk Retention Grp., Inc. v. Chi. Hous. Auth*, 378 F.3d 596, 598 (7th Cir. 2004); *A. S. Abell Co. v. Balt. Typographical Union No. 12*, 338 F.2d 190, 193-95 (4th Cir. 1964)).

In the Fourth Circuit, when resolving a Rule 12(c) motion on the basis of the underlying merits, as is the current posture, the Court decides such motion under the same standard as a motion for summary judgment. Thus, the Court

> assumes the facts alleged by the nonmoving party to be true and draws all reasonable factual inferences in its favor, and judgment is appropriate only if the moving party establishes that no genuine issue of material fact remains to be resolved and that the party is entitled to judgment as a matter of law.

*Paul v. ImpactOffice LLC*, No. CV TDC-16-2686, 2017 WL 2462492, at *2 (D. Md. June 6, 2017), *appeal dismissed sub nom. ImpactOffice LLC v. Siniavsky*, No. 17-1634 (L), 2017 WL 6543801 (4th Cir. Dec. 1, 2017) (citing *Sanders v. Mountain America Fed. Credit Union*, 689 F.3d 1138, 1141 (10th Cir. 2012); *United States v. Any & All Radio Station Transmission Equip.*, 207 F.3d 458, 462 (8th Cir. 2000); *Alexander v. City of Chicago*, 994 F.2d 333, 336 (7th Cir. 1993); *Bell Atlantic-Maryland, Inc. v. Prince George's Cty.*, 155 F. Supp. 2d 465, 473 (D. Md. 2001)). Thus, "when 'the plaintiff moves for judgment on the pleadings, the motion should be granted if, on the undenied facts alleged in the complaint and assuming as true all the material allegations of fact in the answer, the plaintiff is entitled to judgment as a matter of law.'" *Zen42*

*LLC v. Washington & Lee Univ.*, No. 6:17-CV-00053, 2017 WL 4532580, at *1 (W.D. Va. Oct. 10, 2017) (quoting *Walker v. Liberty Mut. Ins. Co.*, No. 4:16-CV-01388-RBH, 2017 WL 1020884, at *1 (D.S.C. Mar. 16, 2017); citing *Smurfit-Stone Container Enterprises, Inc. v. Nat'l Interstate Ins. Co.*, No. 3:08CV093-HEH, 2008 WL 4153762, at *4 (E.D. Va. Sept. 5, 2008); *A. S. Abell Co. v. Baltimore Typographical Union No. 12*, 338 F.2d 190, 192-93 (4th Cir. 1964) (affirming plaintiff's motion for judgment "since the pleadings raised no issue of fact")).

In making this determination, the Court considers the pleadings (to wit: the complaint, the answer, and any written instruments attached to those filings), as well as any documents that are "integral to the complaint and authentic." *Occupy Columbia v. Haley*, 738 F.3d 107, 116 (4th Cir. 2013) (quoting *Phillips v. Pitt Cty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009)). *See also Certusview Techs., LLC v. S&N Locating Servs., LLC*, No. 2:13CV346, 2016 WL 4251579, at *9 (E.D. Va. Aug. 10, 2016), *aff'd sub nom. CertusView Techs., LLC v. S & N Locating Servs., LLC*, 695 F. App'x 574 (Fed. Cir. 2017) ("On a motion for judgment on the pleadings made pursuant to Rule 12(c), only the pleadings are considered, and the exhibits which are part of such pleadings.") (quoting *A.S. Abell Co. v. Balt. Typographical Union No. 12*, 338 F.2d 190, 193 (4th Cir. 1964)) (internal quotations omitted).

### III. FINDINGS OF FACT

Given that Plaintiff seeks partial judgment as to Count IV only, the Court limits its inquiry to the factual allegations and corresponding admissions and denials that are relevant to consideration of Count IV. Keeping in mind the standards enunciated in Part II, *supra*, the Court considers Plaintiff's factual allegations (and admissions or denials of the same) and the language of the Forbearance Agreement when deciding Plaintiff's Rule 12(c) Motion. Thus, for the

purpose of resolving Plaintiff's Motion, the Court accepts as true the following factual allegations in the Complaint which are not disputed:

On October 16, 2014, Plaintiff and Defendants entered into the first of three contracts between the parties, referred to as "the Customer Agreement." *See* ECF No. 1 at ¶ 1; ECF No. 21 at ¶ 1; ECF No. 22 at ¶ 1. *See also* ECF No. 1, attach. 1 ("Exhibit A"). The purpose of the Customer Agreement was to establish a structure under which Defendant Tempus (as the Customer) could enter into commercial transactions to purchase goods and/or services from a certain Supplier, and the Accounts Receivable generated by that Supplier from each of these commercial transactions would thereafter be assigned to Plaintiff, a financial institution, via a Payment Assurance Upload File ("PAUF"). *See* ECF No. 1 at ¶¶ 15-20, 22-24; ECF No. 21 at ¶¶ 15-20, 22-24; ECF No. 22 at ¶¶ 15-20, 22-24. Under the terms of the Customer Agreement, if Defendants generated a PAUF, and submitted the same to Plaintiff, Plaintiff would pay the Supplier's invoice, and then Defendant Tempus was obligated to pay Plaintiff back later on specified "maturity dates." *See* ECF No. 1 at ¶ 35; ECF No. 21 at ¶ 35; ECF No. 22 at ¶ 35.

On October 15, 2015, Plaintiff and Defendants Gulbin and Terry executed a second contract, referred to as "the Guaranty Agreement," wherein Gulbin and Terry personally guaranteed Tempus' obligation to repay the entirety of the principal balance, plus interest, to Plaintiff. *See* ECF No. 1 at ¶¶ 27-29; ECF No. 21 at ¶¶ 27-29; ECF No. 22 at ¶¶ 27-29. *See also* ECF No. 1, attach. 2 ("Exhibit B").

On March 31, 2016, Plaintiff demanded immediate and full payment (plus interest) from Defendants Gulbin and Terry pursuant to the Customer Agreement and the Guaranty Agreement. ECF No. 1 at ¶¶ 38-39; ECF No. 21 at ¶¶ 38-39; ECF No. 22 at ¶¶ 38-39. Without waiving its right to later do so, Plaintiff chose not to pursue legal action against Defendants, and instead, the

parties entered into a third contract, known as "the Forbearance Agreement," dated March 31, 2016,[1] wherein Plaintiff agreed to forbear legal action against Defendants for the time being and Defendants promised that the individual Defendants (Gulbin and Terry) and/or Defendant Tempus would pay the entire balance owed to Plaintiff pursuant to an agreed payment schedule. *See* ECF No. 1 at ¶ 40; ECF No. 21 at ¶ 40; ECF No. 22 at ¶ 40. *See also* ECF No. 1, attach. 3 ("Exhibit C"). The Forbearance Agreement contains a prohibition on the Defendants' creation of any security interests or transfer of any of the individual Defendants' membership interests in Defendant Tempus or its or their other assets without prior authorization by Plaintiff if there was any outstanding balance. A violation of these conditions would also cause any outstanding amount to immediately become due in full. *See* ECF No. 1, attach. 3 at 2, ¶ 3; *id.* at 3-4, ¶ 6B. *See also* ECF No. 1 at ¶ 41; ECF No. 21 at ¶ 41; ECF No. 22 at ¶ 41.

Pursuant to the terms of the Forbearance Agreement, Defendants made two payments totaling approximately $631,000 between March 31, 2016 and April 26, 2016, but failed to remit any further payment thereafter, leaving an outstanding balance. *See* ECF No. 1 at ¶ 45; ECF No. 21 at ¶ 45; ECF No. 22 at ¶ 45. In June 2016, without permission from Plaintiff or satisfaction of Defendants' outstanding debt, Defendant Terry pledged and/or transferred, or attempted to pledge and/or transfer, his interests in Defendant Tempus' subsidiaries, including Tempus Aircraft Sales & Service, LLC ("TASS"), to Firefly Financial Limited ("Firefly"). ECF No. 1 at ¶ 48; ECF No. 21 at ¶ 48; ECF No. 22 at ¶ 48.[2]

---

[1] The Forbearance Agreement was signed by Defendants Gulbin and Terry on April 21, 2016.
[2] Specifically, Defendants Terry and Tempus admit that "in or around June 2016, Terry pledged all of his interest in Tempus to Firefly Financial Limited ('Firefly')," while Defendant Gulbin admits only that "Terry attempted to pledge his interest." *Compare* ECF Nos. 1 at ¶ 48; and ECF No. 21 at ¶ 48, *with* ECF No. 22 ¶ 48. Determination of this disputed fact is unnecessary to resolution of the narrow issue before the Court: whether the Forbearance Agreement prohibits Defendants from encumbering assets, and thus whether Plaintiff is entitled to judgment as a matter of law as to Count IV.

## IV. ANALYSIS

A. <u>Plaintiff's Motion for Partial Judgment on the Pleadings (ECF Nos. 25-26)</u>

On January 2, 2018, Plaintiff filed the instant Motion for Partial Judgment on the Pleadings and Memorandum of Law in Support. ECF Nos. 25-26. Therein, Plaintiff sought a declaratory judgment in its favor as to Count IV of the Complaint, based on the admissions contained in Defendants' Answers to the Complaint. *See* ECF No. 26 at 2, 5-6 ("These admissions entitle Greensill to a judgment declaring that Terry may not pledge or transfer his membership interests in Tempus to Firefly (or any other party), and that Terry, Gulbin, and Tempus are each prohibited from pledging, selling, leasing, transferring or otherwise disposing of their assets until all amounts owed to Greensill under the Forbearance Agreement are paid."). Plaintiff argues that it is entitled to a declaratory judgment pursuant to Rule 12(c), which provides that "[a]fter the pleadings are closed--but early enough not to delay trial--a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c).

Specifically, Plaintiff contends that because Defendants have admitted that Defendant Terry "at the very least" attempted to transfer his assets to Firefly, in violation of the Forbearance Agreement, Plaintiff is entitled to declaratory judgment. *Compare* ECF No. 1 at ¶ 48 ("Specifically, on information and belief, in or around June 2016, Terry pledged all of his interest in Tempus to Firefly Financial Limited ('Firefly'). On information and belief, in connection with that transaction, additional membership interests in Tempus were pledged to Firefly as security for payment and performance of certain obligations of Tempus and/or its affiliates."), *with* ECF No. 21 at ¶ 48 ("Gulbin denies the allegations contained in Paragraph 48 of Plaintiff's Complaint but admits that Terry *attempted* to pledge his interest.") (italics in

original) and ECF No. 22 at ¶ 48 ("The allegations contained in the paragraph numbered 48 of the Complaint are admitted.").

### B. Defendants' Oppositions (ECF Nos. 27-28)

All three Defendants oppose this Motion for Partial Judgment on the grounds that Plaintiff's Motion seeks injunctive relief without complying with Federal Rule of Civil Procedure 65 and case law interpreting the same. *See, e.g.*, ECF No. 27 at 3 ("While its Motion is styled as a request for partial declaratory judgment on the pleadings, Greensill actually seeks injunctive relief. . . In other words, Greensill asks the Court to grant what is, in effect, an injunction prohibiting the Defendants from taking any action with respect to their assets for an indeterminate period of time."); ECF No. 28 at 2 ("Plainly, Greensill is seeking to have the Court award Greensill injunctive relief without Greensill first formally moving or injunctive relief."). There are also additional distinctions between the Defendants' Oppositions that warrant separate identification and discussion.

*1. Defendant Gulbin's Opposition (ECF No. 27)*

In his Answer, Gulbin repeatedly admits allegations as to Terry, but not as to himself. *See, e.g.*, ECF No. 21 at 7, ¶ 47 ("Gulbin denies the allegations contained in Paragraph 47 of Plaintiff's Complaint as to himself but admits the same as to Terry."); *id.* at 8, ¶ 53 ("Gulbin denies the allegations contained in Paragraph 53 of Plaintiff's Complaint as to himself but admits the same as to Terry."). Defendant Gulbin references these denials/admissions in his Opposition. *See* ECF No. 27 at 2 ("The Complaint does not specifically allege that Gulbin made any improper asset pledges or transfers, but does make such accusations against Defendant Terry."). Defendant Gulbin further argues that "Greensill overlooks the fact that Gulbin disputes the validity of the alleged transfers in his Answer" and his contention that irrespective of Defendant

Terry's attempts, "no breach of the Forbearance Agreement could occur based on a violation of this transfer provision unless such pledges or transfers were actually accomplished . . . [therefore] a material dispute of fact exists as to whether Defendant Terry actually pledged or transferred any assets." ECF No. 27 at 2-3.

   2. *Defendants Tempus and Terry's Joint Opposition (ECF No. 28)*

The Joint Opposition filed by Defendants Tempus and Terry focuses exclusively on the injunctive relief argument, stretching the same argument across five pages with three captions that essentially reiterate the identical point: "Greensill Is Seeking Injunctive Relief (Without Expressly Saying That It Is); Greensill Has Failed To Plead And Prove The Elements For Injunctive Relief; Greensill Has Failed to Give Security." ECF No. 28, *passim*.

   C. <u>Plaintiff's Reply (ECF No. 30)</u>

In its Reply, Plaintiff focuses on the fact that Defendants do not dispute that Defendant Terry took steps to pledge and transfer his and other membership interests in Tempus to Firefly Financial Limited ("Firefly"). *See* ECF No. 30 at 4 (noting "the unchallenged prohibition in the Forbearance Agreement against pledging and transferring assets and the efforts <u>**that were admittedly already undertaken**</u> by Terry to do so as set forth in the pleadings") (emphasis in original). According to Plaintiff, Defendants also do not dispute that under the "clear and unambiguous" language of the Forbearance Agreement, such conduct is prohibited until Plaintiff is paid what it is owed. Once again, Plaintiff reiterates its request for a declaration:

> Greensill respectfully requests the Court enter a final judgment in Greensill's favor on Count IV of its Complaint, declaring that Terry *cannot pledge or transfer* his membership interests in Tempus to Firefly and that Terry, Gulbin, and Tempus are each *prohibited from pledging, selling, leasing, transferring or otherwise disposing of their assets* until all amounts owed to Greensill are paid.

ECF No. 30 at 4 (emphasis added).

D. The Hearing

On April 18, 2018, the Court held a hearing on Plaintiff's Motion at which all parties appeared and were represented by counsel. At such hearing, counsel for Defendants disagreed as to whether Defendant Terry successfully pledged and/or transferred his interests in TASS, or only attempted to do so, but neither attorney disputed that the Forbearance Agreement precluded such actions.

E. Declaratory Judgment as to Count IV is Appropriate.

Plaintiff is entitled to judgment as a matter of law with respect to Count IV. As an initial matter, the Court finds that despite Defendants' protestations to the contrary, Plaintiff has specifically disavowed seeking an injunction in its Motion for Partial Judgment on the Pleadings. While Plaintiff conceded that the language of the Complaint did seek an injunction, during oral argument, Plaintiff repeatedly stated that it did not intend for its Motion for Partial Judgment on the Pleadings to request such relief.[3] Rather, Plaintiff's request for declaratory judgment as to Count IV asks the Court to state what neither side disputes (and is clear from the language of the Forbearance Agreement): that pledging, transferring, or otherwise disposing of assets by the Defendants while debt is owed to Plaintiff and absent Plaintiff's authorization, is a violation of the Forbearance Agreement.

Because the interpretation of the Forbearance Agreement is governed by New York law[4],

---

[3] The Court notes that in Defendants' Oppositions to Plaintiff's Motion for Judgment on the Pleadings (ECF Nos. 27-28), and in Plaintiff's Reply thereto (ECF No. 30), the parties cite to *Blackwelder Furniture Co. v. Seilig Mfg. Co.*, 550 F.2d 189 (4th Cir. 1977) as providing the controlling Fourth Circuit standard for determining whether injunctive relief should be granted. This reliance is wholly misplaced because the *Blackwelder* case was abrogated nearly a decade ago by *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7 (2008). *See Centro Tepeyac v. Montgomery Cty.*, 722 F.3d 184, 188 (4th Cir. 2013) ("Under the *Winter* standard, the movant 'must establish [1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest.'") (quoting *Winter*, 555 U.S. at 20).

[4] *See* ECF No. 1, attach. 3 at 4 ("This letter and any dispute or claim arising out of or in connection with it or its subject matter or formation (including non-contractual disputes or claims) ***shall be governed by and construed in***

Plaintiff properly relies on a 2017 case from the United States District Court for the Southern District of New York for the proposition that this Court can grant declaratory judgment on the pleadings where a plaintiff seeks a declaration of its rights under a contract. *See* ECF No. 30 at 3 (citing *United Specialty Ins. Co. v. CDC Hous., Inc.*, 233 F. Supp. 3d 408, 412 (S.D.N.Y. 2017) ("'A district court should render a declaratory judgment when such a judgment will (1) serve a useful purpose in clarifying and settling the legal relations in issue, and (2) terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding.'") (quoting *Century Sur. Co. v. Franchise Contractors, LLC*, No. 14 Civ. 277, 2016 WL 1030134, at *3 (S.D.N.Y. Mar. 10, 2016) (internal quotation marks omitted)). The Court finds that although the interpretation of the Forbearance Agreement is governed by New York state law, the determination of whether to grant declaratory judgment pursuant to the Forbearance Agreement is a matter of federal law. Based upon well-established Fourth Circuit case law, the Court finds that it possesses the authority to enter declaratory judgment in this posture. *See AECOM Special Mission Servs., Inc. v. Int'l Union of Operating Engineers, Local No. 99*, No. 1:16-CV-1262, 2017 WL 710055, at *7 (E.D. Va. Feb. 21, 2017) (quoting *Perm–Am. Ins. Co. v. Coffey*, 368 F.3d 409, 412 (4th Cir. 2004) ("Under the Declaratory Judgment Act, a district court, in a case or controversy otherwise within its jurisdiction, 'may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.'") (quoting 28 U.S.C. § 2201(a)); *Centennial Life Ins. Co. v. Poston*, 88 F.3d 255, 256 (4th Cir. 1996) ("[A] declaratory judgment action is appropriate when the judgment will

---

*accordance with the laws of the State of New York.*") (emphasis added). *See also Adasar Grp., Inc. v. NetCom Sols. Int'l, Inc.*, No. 01 CIV. 0279 (WHP), 2003 WL 1107670, at *6 (S.D.N.Y. Mar. 13, 2003) (holding that choice of law provisions in agreements are enforceable) (citing *Terwilliger v. Terwilliger*, 206 F.3d 240, 245 (2d Cir. 2000) ("The Agreement in question contained a choice of law provision, and '[a]s a general rule, choice of law provisions . . . are valid and enforceable in [New York].'") (alterations in original) (quoting *Marine Midland Bank, N.A. v. United Missouri Bank, N.A.*, 223 A.D.2d 119, 643 N.Y.S.2d 528, 530 (N.Y. App. Div. 1996))).

serve a useful purpose in clarifying and settling the legal relations in issue, and ... when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding.") (quotations omitted)).

After reviewing the Complaint, Defendants' Answers thereto, and the Forbearance Agreement[5], as the Court is entitled to do in this posture, *see AECOM Special Mission Servs., Inc. v. Int'l Union of Operating Engineers, Local No. 99*, No. 1:16-CV-1262, 2017 WL 710055, at *1 (E.D. Va. Feb. 21, 2017) (citing *Seneca Ins. Co. v. Shipping Boxes I, LLC*, 30 F. Supp. 3d 506, 510 (E.D. Va. 2014) (observing that "in addressing a Rule 12(c) motion, the Court may consider the Answer and attached exhibits in addition to the Complaint")), the Court finds that Plaintiff is entitled to partial judgment as a matter of law as to Count IV. Judgment on the pleadings is only warranted where there is no genuine dispute of material facts and the moving party is entitled to judgment as a matter of law. Here, the Court finds that no such genuine dispute exists as to the material facts pertaining to Count IV. The Forbearance Agreement specifically provides that until payment in full of all Scheduled Payments is made by Defendants, they shall not pledge or otherwise assign any interest in their assets without the prior written consent of Greensill. Defendants admit that the Forbearance Agreement therefore precludes the assignment of Defendant Terry's interests in TASS to Firefly. Given these undisputed facts, Plaintiff is entitled to a declaratory judgment on Count IV.

## V. CONCLUSION

Accordingly, and upon consideration of Plaintiff's Motion for Partial Judgment on the Pleadings and Memorandum of Law in Support (ECF Nos. 25-26), Defendant Gulbin's Opposition (ECF No. 27), Defendants Terry and Tempus' Joint Opposition (ECF No. 28),

---

[5] Plaintiff attached the Forbearance Agreement as Exhibit C to the Complaint. *See* ECF No. 1, attach. 3.

Plaintiff's Reply thereto (ECF No. 30), oral argument of the parties, and for the reasons detailed herein, Plaintiff's Motion for Partial Judgment on the Pleadings (ECF No. 25) is **GRANTED**.

With respect to all Defendants, **IT IS THEREFORE ORDERED, ADJUDGED, and DECREED AS FOLLOWS:**

The Forbearance Agreement prohibits Defendants Tempus, Gulbin, and Terry from pledging, selling, leasing, transferring or otherwise disposing of their assets until all amounts owed to Greensill under the Forbearance Agreement are paid, or unless Greensill otherwise gives its consent.

The Clerk is **DIRECTED** to forward a copy of this Order to all counsel of record.

It is so **ORDERED**.

/s/ Lawrence R. Leonard
United States Magistrate Judge

Newport News, Virginia
April 24, 2018