UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

**GREENSILL CAPITAL (UK) LIMITED,**

    **Plaintiff,**

    v.                                  Case No. 4:17-cv-127

**TEMPUS INTERMEDIATE HOLDINGS, LLC,** *et al.*,

    **Defendants.**

## OPINION AND ORDER

This matter is before the Court on Plaintiff's Motion for Summary Judgment as to Counts I, II, and III of its four count Complaint. ECF No. 50. Previously, the Court granted Plaintiff's Motion for Partial Judgment on the Pleadings, entering a declaratory judgment on Count IV. ECF No. 37. Plaintiff Greensill Capital (UK) Limited ("Greensill") filed its Motion for Summary Judgement, ECF No. 50, and accompanying memorandum, ECF No. 51, on August 6, 2018. Defendants Tempus Intermediate Holdings, LLC ("Tempus") and B. Scott Terry ("Terry") timely filed a joint response on August 20, 2018. ECF No. 56. Defendant Jack Gulbin ("Gulbin") also filed a response on August 20, 2018. ECF No. 57. Plaintiff filed a timely reply on August 24, 2018. ECF No. 59. The parties having fully consented to jurisdiction before the undersigned, ECF No. 32, and the Motion is ripe for decision. The undersigned makes this ruling without a hearing pursuant to Federal Rule of Civil Procedure 78(b) and Eastern District of Virginia Local Civil Rule 7(J). For the following reasons, Plaintiff's Motion for Summary Judgment, ECF No. 50, is **GRANTED**.

# I. FACTUAL BACKGROUND

The Court's factual findings are based on Greensill's Statement of Undisputed Facts, ECF No. 51, none of which the Defendants disputed in their responses to Greensill's dispositive motion, ECF Nos. 56 & 57. This case arises out of a contractual dispute between foreign Plaintiff Greensill and domestic Defendants Tempus, Jack Gulbin, and B. Scott Terry (collectively "Defendants"). Plaintiff Greensill is a financial institution incorporated in England and Wales and maintains its registered office in London, England. Defendant Tempus is a corporate entity, incorporated in the State of Delaware with its principal place of business in Williamsburg, Virginia and is in the business of leasing and selling airplanes. Defendant Gulbin is an individual, shareholder, and principal of Tempus who resides in Colorado. Defendant Terry is an individual, shareholder, and principal of Tempus who resides in South Carolina.

In October 2014 the parties entered into a Customer Agreement whereby the parties contracted for Plaintiff to pay certain invoices incurred by Defendants in the operation of their business, with the understanding that Defendants would repay Plaintiff in accordance with the terms of the Customer Agreement. In October 2015 Gulbin and Terry executed a Guaranty Agreement whereby they agreed that if Tempus defaulted on any payment obligation under the Customer Agreement, all liabilities would be due and owing by Gulbin and Terry. After failing to make payments as required under the Customer Agreement, in April 2016, Greensill, Gulbin, and Terry executed a Forbearance Agreement, whereby Greensill agreed to forbear legal action against Defendants in exchange for Defendants' agreement to repay monies owed pursuant to a specific payment schedule. The Forbearance Agreement also included a provision that precluded Defendants from pledging or transferring assets of Tempus prior to payment of all monies owed without the permission of Plaintiff.

## II. STANDARD OF REVIEW

Summary judgment under Federal Rule of Civil Procedure 56 is appropriate when the Court, viewing the record as a whole and in the light most favorable to the nonmoving party, finds there is no genuine issue of material fact in dispute and that the moving party is entitled to judgment as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-50 (1986). A court should grant summary judgment if the nonmoving party, after adequate time for discovery, has failed to establish the existence of an essential element of that party's case, on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

To defeat a motion for summary judgment, the nonmoving party must go beyond the facts alleged in the pleadings and instead rely upon affidavits, depositions, or other evidence to show a genuine issue for trial. *See id.* at 324. Conclusory statements, without specific evidentiary support, are insufficient. *Causey v. Balog*, 162 F.3d 795, 802 (4th Cir. 1998). Rather, "there must be evidence on which the jury could reasonably find for the [party]." *Anderson*, 477 U.S. at 252. A party opposing summary judgment must present more than "a scintilla of evidence." *Id.* at 251.

## IV. DISCUSSION

Plaintiff moves for Summary Judgment as there is no genuine dispute of material fact that Defendants owe a principal balance of $9,658,224.34, plus interest and attorney's fees, pursuant to the various agreements between Greensill and Defendants.[1] ECF No. 50 at 1. Plaintiff originally filed a four count Complaint in this Court based on diversity jurisdiction. ECF No. 1.[2] Count I alleges Breach of Contract against Defendant Tempus only, for breaching the Customer

---

[1] In its Reply Brief, Plaintiff provides it no longer seeks attorney's fees. ECF No. 59 at 2.
[2] In an Opinion and Order dated April 24, 2018, ECF No. 37, the Court granted Greensill's Motion for Partial Judgment on the Pleadings, ECF No. 25, as to Count IV of its Complaint. Plaintiff now moves for summary judgment on the remaining three counts.

3

Agreement by failing to make payments as they came due on four accounts receivable Tempus had submitted for payment. *Id.* at ¶¶ 55-63. Count II alleges Breach of Contract against Defendants Gulbin and Terry for breaching the Guaranty Agreement by defaulting on the payment obligations. *Id.* at ¶¶ 64-71. Count III alleges breach of contract against Defendants Gulbin and Terry for breaching the Forbearance Agreement by failing to pay the entire outstanding balance owed according to a payment schedule. *Id.* at ¶¶ 72-77.

### A. Count I: Breach of Contract Against Tempus for Breach of the Customer Agreement

Plaintiff contends it is entitled to summary judgment on Count I based on Tempus' undisputed breach of its payment obligation under the Customer Agreement. ECF No. 51 at 8. It is undisputed that Greensill and Tempus entered into a Customer Agreement on October 16, 2014, which is governed by the laws of England and Wales. ECF No. 51 at 2, 3, ¶¶ 1, 4. "In determining issues of foreign law, the court may consider any relevant material or source, including testimony, whether or not submitted by a party or admissible under the Federal Rules of Evidence. The court's determination must be treated as a ruling on a question of law." Fed. R. Civ. P. 44.1.

Plaintiff relies on the Expert Report of Adam Tolley QC, a barrister in independent practice and Qualified Counsel in England and Wales, which outlines the applicable law and concludes the Customer Agreement is supported by consideration and constitutes a binding agreement under the laws of England and Wales. *Id.*, attach. 8, ¶¶ 12-14. Pursuant to the Customer Agreement, for services rendered, Tempus acted to have Bramid Limited ("Bramid"), its supplier, create four accounts receivable and submitted payment assurance upload files ("PAUFs") for each account, which created a binding obligation for Tempus to pay the certified amount of each account receivable by the maturity date. *Id.* at 3, 4, ¶¶ 2, 3, 10, 11. The certified

amount of all four accounts is $10,289,309.29. *Id.* at 4, ¶ 13. Each account receivable was transferred to Greensill and Bramid, but Tempus failed to pay the amount due to Greensill by the applicable maturity date. *Id.* at 5, ¶¶ 12-13, 15.

Plaintiff contends this constitutes a breach of the Customer Agreement and argues this Court should grant summary judgment to Greensill on Count I of the Complaint. *Id.* at 9. Tempus does not contest the facts put forth by Greensill nor does it contest Greensill's legal conclusion that Tempus is liable for breach of the Customer Agreement. ECF No. 56 at 1-3. With respect to Count I, the Court finds there is no genuine dispute of material fact and Greensill is entitled to judgment as a matter of law. *See Anderson*, 477 U.S. at 248. Because the undisputed facts demonstrate that Tempus has entered into a binding Customer Agreement, which is valid under English and Welsh law, and subsequently breached that Agreement, the Court **GRANTS** Plaintiff's Motion for Summary Judgment on Count I.

### B. Count II: Breach of Contract Against Gulbin and Terry for Breach of the Guaranty Agreement

Plaintiff contends it is entitled to summary judgment on Count II based on Gulbin and Terry's failure to pay Greensill the amounts require by the Guaranty Agreement. ECF No. 51 at 9. It is undisputed that Gulbin and Terry signed the Guaranty Agreement on October 15, 2015, which is governed by New York law. *Id.* at 3, 4, ¶¶ 5, 9. Under the Guaranty Agreement, Gulbin and Terry personally guaranteed the payment of monies owed by Tempus to Greensill in the event Tempus defaulted under the Customer Agreement. *Id.* at 4, 5, ¶¶ 7, 11. In addition, the Guaranty Agreement provided Gulbin and Terry would pay for all expenses, including attorney's fees, incurred by Greensill for enforcement of the Guaranty Agreement. *Id.* at 4, ¶ 8. Tempus defaulted on the Customer Agreement and Greensill sought payment from Terry and Gulbin for

the principal amount owed by Tempus, plus interest, but neither Terry nor Gulbin paid Greensill under the Guaranty Agreement. *Id.* at 5, 6, ¶¶ 15, 19-21.

Plaintiff claims this constitutes a breach of the Guaranty Agreement and argues this Court should grant summary judgment to Greensill on Count II of the Complaint. *Id.* at 10. Under New York law, "a guaranty is a promise to fulfill the obligations of another party." *Cooperatieve Centrale Raiffeisen-Boerenleenbank, B.A., "Rabobank Intl.," N.Y. Branch v. Navarro, et al.*, 25 N.Y.3d 485, 492, 36 N.E.3d 80, 85 (2015). "New York law has explicitly and consistently upheld personal guaranties -- particularly, absolute and unconditional guaranties of payment -- that help to persuade a party to enter into a contract with a company for which the guarantor works, the required consideration being implicitly the same consideration as underlies the contract as a whole." *AXA Inv. Managers UK Ltd. v. Endeavors Capital Mgmt. LLC*, 890 F. Supp. 2d 373, 386 (S.D.N.Y. 2012) (finding on summary judgment plaintiff failed to show a genuine issue of material fact regarding consideration of a guaranty agreement).

Neither Gulbin nor Terry contest the facts put forth by Greensill nor do they contest Greensill's legal conclusion that each is bound to and liable for breach of the Guaranty Agreement. ECF Nos. 56-57 at 1-3. Gulbin and Terry's only argument is that Greensill has failed to meet the Fourth Circuit requirement for pleading and proving attorney's fees and requests the Court deny Greensill attorney's fees. *Id.* at 1.[3] Because Greensill has put forth no evidence of the reasonableness for the rate claimed, the number of hours spent by its attorney, or addressed the *Johnson* factors, Terry and Gulbin argue Greensill is not entitled to attorney's fees. ECF Nos. 56-57 at 3. In response, Greensill explains that, in the interested of judicial economy, it is willing to waive its right to attorney's fees under the Guaranty Agreement. ECF No. 59 at 2. As Greensill no longer seeks an award of attorney's fees, Gulbin and Terry's argument is moot.

---

[3] Notably, the Response Briefs filed by Gulbin and Terry are identical, although were filed separately.

With respect to Count II, the Court finds there is no genuine dispute of material fact and Greensill is entitled to judgment as a matter of law. *See Anderson*, 477 U.S. at 248. Because the undisputed facts demonstrate that Gulbin and Terry entered into a binding Guaranty Agreement, which appears valid under New York law, and subsequently breached that Agreement, the Court **GRANTS** Plaintiff's Motion for Summary Judgment on Count II.

### C. Count III: Breach of Contract Against Gulbin and Terry for Breach of the Forbearance Agreement

Plaintiff contends it is entitled to summary judgment on Count III based on Gulbin and Terry's failure to pay Greensill the amounts required by the Forbearance Agreement. ECF No. 51 at 9. It is undisputed that Gulbin and Terry signed the Forbearance Agreement on March 31, 2016, which is governed by New York law. *Id.* at 5, 6, ¶¶ 16, 18. Under the Forbearance Agreement, Greensill agreed to abstain from legal action in exchange for Gulbin and Terry's agreement to repay to Greensill on a payment schedule for the principal balance of $10,289307.29, plus interest, that was originally owed by Tempus under the Customer Agreement and by Gulbin and Terry under the Guaranty Agreement. *Id.* at 5, ¶ 16. The Forbearance Agreement also provided that any failure to pay a scheduled payment would incur a daily interest charge at the rate of 15% per annum, would constitute a breach of the Forbearance Agreement, and would make due immediately the full sum owed. *Id.* at 6, ¶ 17. Greensill was paid $631,082.95, but Gulbin and Terry ultimately failed to make payments consistent with Forbearance Agreement schedule. *Id.* at 6, ¶ 20.

Plaintiff claims this constitutes a breach of the Forbearance Agreement and argues this Court should grant summary judgment to Greensill on Count III of the Complaint. *Id.* at 11. Neither Gulbin nor Terry contest the facts put forth by Greensill nor do they contest Greensill's legal conclusion that each is bound to and liable for breach of the Forbearance Agreement. ECF

Nos. 56-57 at 1-3. With respect to Count III, the Court finds there is no genuine dispute of material fact and Greensill is entitled to judgment as a matter of law. *See Anderson*, 477 U.S. at 248. Because the undisputed facts demonstrate that Gulbin and Terry entered into a binding Forbearance Agreement, which appears valid under New York law, and subsequently breached that Agreement, the Court **GRANTS** Plaintiff's Motion for Summary Judgment on Count III.

Greensill has opted to forgo its right to attorney's fees under the Guaranty Agreement and seeks accrued interest to be calculated at 6% per year.[4] ECF No. 59 at 2. Using the 6% rate, Plaintiff has properly calculated the applicable interest to total $1,293,672.76. Plaintiff is entitled to the current principal balance of $9,658,224.34[5] plus $1,293,672.76 in interest. Thus, Plaintiff shall be awarded a total of $10,951,897.10.

## V. CONCLUSION

Accordingly, Plaintiff's Motion for Summary Judgment as to Counts I, II, and III of Its Complaint, ECF No. 50, is **GRANTED**, and Plaintiff is awarded $10,951,897.10. Accordingly, the Judgment is **ENTERED** in favor of Greensill against Defendants Tempus, Terry, and Gulbin, jointly and severally, in the amount of $10,951,897.10. Should Defendants wish to appeal, they must file a Notice of Appeal with the Clerk of this Court within thirty (30) days of the date of this Order. *See* Fed. R. App. P. 3, 4.

The Clerk is **DIRECTED** to forward a copy of this Order to all counsel of record, and to Defendant Terry at 406 A N. Main St., Greer, South Carolina 29650, and to Defendant Tempus at 471 McLaws Circle, Suite A, Williamsburg, Virginia 23185.

---

[4] The Customer Agreement with Tempus provides a default interest rate of 10% per year and the Forbearance Agreement provides a default interest rate of 15% per year. ECF No. 51, attach. 1.

[5] This number is reached by subtracting the $631,082.95 paid to Greensill under the Forbearance Agreement from the original principal amount of $10,289,307.29.

It is so **ORDERED**.

/s/ Lawrence R. Leonard
Lawrence R. Leonard
United States Magistrate Judge

Newport News, Virginia
September 17, 2018