UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

**GREENSILL CAPITAL (UK) LIMITED,**

    **Plaintiff,**

    v.                                                                    Case No. 4:17-cv-127

**TEMPUS INTERMEDIATE HOLDINGS, LLC,** *et al.*,

    **Defendants.**

## ORDER

On March 19, 2020, Plaintiff submitted to the Court a Suggestion for Summons in Garnishment (ECF No. 65), Writs of Execution (ECF No. 66), and Garnishment Summons (ECF No. 67) directed to three entities which are not defendants subject to the judgment in this case—Orion Air Group LLC ("Orion"), Tempus Jet Centers II, LLC ("Tempus II"), and Jet Stream Capital, LLC ("Jet Stream") (collectively "the Garnishment Debtors"). By way of background, on September 28, 2018, the Court entered judgment against Defendants Tempus Intermediate Holdings, LLC ("Tempus"), B. Scott Terry ("Terry"), and Jack Gulbin ("Gulbin") (collectively, "the Judgment Debtors"), and awarded Plaintiff Greensill Capital (UK) Limited ("Plaintiff") $10,951,897.10 in damages. ECF No. 64. The Court further found that the terms of the Forbearance Agreement dated March 31, 2016 prohibits Tempus, and the individual defendants Terry and Gulbin (collectively, "the Individual Defendants") from disposing of any assets until all judgement amounts owed to Plaintiff were paid. *Id.*

Following the entry of judgment in its favor, Plaintiff served Discovery in Aid of Execution to each Defendant in an effort to discover and locate asserts to collect upon the judgment. ECF No. 73 at 2. No Defendants responded to Plaintiff's discovery request, and no money has been paid by any of the Judgment Debtors to satisfy the judgment. *Id.* Upon its own investigation, Plaintiff discovered that the Judgment Debtors were principals of the Garnishment Debtor entities, and accordingly may have assets subject to garnishment. According to Plaintiff, the judgment is enforceable against the Garnishment Debtors because the Court can pierce the corporate veil to reach the Garnishment Debtors assets. *Id.* at 3. Plaintiff now seeks entry of an order establishing liability against the Garnishment Debtors.

Plaintiff served Tempus II with garnishment papers on May 6, 2020. *See* ECF No. 73 at 4, and attach. 3. Plaintiff attempted to serve garnishment papers upon Jet Steam, but were met with evasiveness from individuals at that company's registered address. *Id.* at 5. However, Plaintiff represents that Jet Stream has notice of the garnishment and was constructively served, at the latest, on April 24, 2020. *Id.*, and attachs. 6, 7. Plaintiff had not completed service upon Orion as of May 22, 2020.[1] Each of the garnishee banks have been served with garnishment papers and each has denied have an account for the Garnishment Debtor.[2] *Id.* at 5. Nonetheless, Plaintiff still requests an order of judgment against the Garnishment Debtors in the event Plaintiff can locate other assets of the Garnishment Debtors. The Court held a garnishment hearing on May 13, 2020, at which counsel for Plaintiff appeared and argued that the Court should authorize garnishment upon the Garnishment Debtors, because the Individual Defendants were or are principals of these entities, and as such, may have assets available for garnishment. The Court directed Plaintiff to

---

[1] The Court delayed in entering this Order to allow Plaintiff additional time to serve Orion, however, as of the date of this Order, no affidavit of service for Orion has been filed.
[2] Truist Financial Corp. was served a garnishment packet on behalf of Tempus II and Jet Stream, and Bank of America was served a garnishment packet on behalf of Orion. ECF No. 73 at 4-5.

2

file a memorandum explaining why the Garnishment Debtors, who are not defendants in this case, should be considered Judgment Debtors, and Plaintiff did so. ECF No. 73.

"[T]he corporate veil may be pierced when a shareholder has made the corporation his alter ego, and when the shareholder used the entity as a device to disguise wrongs, obscure fraud, conceal crimes, or evade personal obligations." *McCarthy v. Giron*, No. 1:13-cv-01559-GBL-TCB, 2014 U.S. Dist. LEXIS 79007, at *39 (E.D. Va. June 6, 2014) (citing *RF & P Corp. v. Little*, 247 Va. 309 (Va. 1994)). To determine whether to pierce the corporate veil, courts in Virginia analyze:

> 1) whether there is unity of interest and ownership is such that the separate personalities of the corporation and the individual no longer exist and to adhere to that separateness would work an injustice, and 2) whether the shareholder has used the corporation to evade a personal obligation, to perpetrate fraud or a crime, to commit an injustice, or to gain an unfair advantage.

*Id.* (E.D. Va. June 6, 2014) (citing *C.F. Trust Inc. v. First Flight Ltd. P'ship*, 140 F. Supp. 2d 628, 642 (E.D. Va. 2001)) (quotations omitted). According to Plaintiff's investigation, Individual Defendant Terry is the sole principal of Tempus II and a principal of Orion, and Individual Defendant Gulbin is the sole principal of Jet Stream. Plaintiff argues it is appropriate to pierce the corporate veil here because Defendants have refused to pay the judgment entered against them, failed to respond to Plaintiff's Discovery in Aid of Execution, while in the meantime maintaining ownership of the Garnishment Debtors entities, and using funds owed to Plaintiff to do so. ECF No. 73 at 4. Plaintiff contends the Defendants are operating the Garnishment Debtors entities in order to evade their obligation to satisfy the amount owed to Plaintiff. *Id.* The Garnishment Debtors have not appeared or attempted to defend against these proceedings. Accordingly, based on Plaintiff's allegations that the Defendants are using the Garnishment Debtor entities to evade their obligations, the Court is inclined to pierce the corporate veil and enter judgment against the

Garnishment Debtors. However, the Court finds it appropriate to allow the Garnishment Debtors a final opportunity to respond to Plaintiff's allegations that the Court should pierce the corporate veil here. Accordingly, the Court orders as follows:

- Plaintiff in this action is **ORDERED** to file proof of service of this Order upon the Tempus II and Jet Stream within 30 days of the date of this Order.

- The Judgment Debtors—Tempus, Terry, and Gulbin, and the served Garnishment Debtors—Tempus II, and Jet Stream, are all **ORDERED TO SHOW CAUSE** within 30 days of the date of service, as to why the Court should not pierce the corporate veil and enter an order establishing liability against Tempus II and Jet Stream.

- Plaintiff is also **DIRECTED** to file a notice with the Court if and when they accomplish service upon Orion. If and when that notice is filed, the Court will then issue a show cause order to Garnishment Debtor Orion as to why the Court should not pierce the corporate veil and enter an order establishing liability against Orion.

The Clerk is **DIRECTED** to forward a copy of this Order to all counsel of record, and to unrepresented parties, at the following addresses[3]:

> Tempus Intermediate Holdings, LLC
> c/o Johan Aksel Bergendorff
> 700 Corporate Drive, Suite D
> Newport News, VA 23602-4376
>
> B. Scott Terry
> 406 A N. Main St.
> Greer, SC 29650

---

[3] There are no addresses on file for the unrepresented parties, Tempus and Terry. Previous court filings indicate these addresses for the unrepresented parties. *See* ECF No. 47.

4

It is so **ORDERED**.

/s/ Lawrence R. Leonard
Lawrence R. Leonard
United States Magistrate Judge

Newport News, Virginia
August 28, 2020